UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN CROCKER,
    *Petitioner*,

v.

COMMISSIONER OF CORRECTION,
    *Respondent*.

No. 3:23-cv-1085 (JAM)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Shawn Crocker is a sentenced prisoner in the custody of the State of Connecticut. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2001 state convictions. Because Crocker has not exhausted his state court remedies, I will dismiss the petition without prejudice.

### BACKGROUND

On January 12, 2001, following a jury trial, Crocker was convicted in Connecticut state court of charges including murder, in violation of Conn. Gen. Stat. § 53a-54a, and storage of a firearm, in violation of Conn. Gen. Stat. § 53a-217a.[1] He was sentenced to sixty years in prison.[2] The Appellate Court affirmed the judgment in July 2004, and the Connecticut Supreme Court denied certification later that year.[3] Crocker then filed several state habeas petitions, the latest of which was denied in 2023.[4]

Crocker also filed a federal habeas petition in 2013, which Judge Covello denied for

---

[1] Doc. #1 at 2.
[2] *Ibid.*
[3] *Id.* at 3.
[4] *Id.* at 6-9.

1

failure to exhaust state remedies.[5] Crocker's many unexhausted claims included three prongs of an ineffective assistance of counsel claim. Specifically, Crocker alleged that his trial counsel was ineffective because (1) he failed to object to the use of extrinsic evidence to impeach Crocker; (2) he failed to properly preserve issues for review; and (3) he improperly vouched for Crocker during his closing argument, resulting in the statement being stricken to Crocker's detriment.[6] Judge Covello concluded that Crocker had failed to exhaust his state court remedies as to these claims.[7]

On August 14, 2023, Crocker filed the instant petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. His grounds for relief are the same as those advanced in his 2013 petition, with one addition.

## DISCUSSION

A sentenced state prisoner who alleges that he is in state custody in violation of federal law may seek relief in a federal court pursuant to an application for a writ of habeas corpus under 28 U.S.C. § 2254(a). The prisoner, however, must first fully exhaust his federal law claims in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014).[8] The fact that a petitioner has initially presented a claim to a state trial court does not ordinarily mean that the petitioner has fully exhausted state court remedies. A claim has not been fully exhausted until its essential factual and legal premises have been presented to the highest

---

[5] *See* Docs. #1, #30, *Crocker v. Comm'r of Corr.*, 3:13-cv-990 (D. Conn. 2017).
[6] Doc. #1-5 at 37-38, *Crocker*, 3:13-cv-990.
[7] *See* Doc. #30 at 14, *Crocker*, 3:13-cv-990 (finding that Crocker had not exhausted state court remedies "as to the first, third, fifth, sixth or seventh specific claims of ineffective assistance of trial counsel set forth in ground seven of the present petition"). Crocker's claims as to impeachment, failure to preserve issues, and improper closing arguments were items five, six, and seven of the ineffective assistance claim in his 2013 petition. *See* Doc. #1-5 at 37-38, *Crocker*, 3:13-cv-990.
[8] Unless otherwise noted and for ease of reading, this ruling omits all internal quotations, brackets, and derivative citations for all quotations from cases.

state court capable of reviewing it. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Jackson*, 763 F.3d at 133.

"The exhaustion requirement is designed to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation." *Davila v. Davis*, 582 U.S. 521, 527 (2017). Federal district courts are generally required to dismiss petitions containing both exhausted and unexhausted claims. *See Crump v. Guadarrama*, 2023 WL 7919578, at *3 (D. Conn. 2023) (citing *Pliler v. Ford*, 542 U.S. 225, 230 (2004)).

Crocker raises eleven grounds for habeas corpus relief in the instant petition, including the same three ineffective assistance of counsel claims that he brought in 2013. These claims were unexhausted then, and they remain unexhausted today. Although Crocker raised them in his first state habeas petition filed in 2004, he failed to include them in his appeal of the trial court's decision denying his petition.[9] Nor did he include them in his second state petition or subsequent appeal.[10] Finally, he again failed to raise them in his 2017 state petition and appeal.[11] Thus, his petition contains unexhausted claims.

Of course, "[a] failure to exhaust may be excused if 'there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief.'" *Robles v. Faneuff*, 2016 WL 7441065, at *2 (D. Conn. 2016) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*)). Crocker seeks such excuse here,

---

[9] *See* Amended Petition, 2004 WL 5359676 (¶¶ 30, 36, 39), *Crocker v. Comm'r of Corr.*, 2005 WL 1023071 (Conn. Super. Ct. 2005); *Crocker v. Comm'r of Corr.*, 101 Conn. App. 133 (2007).
[10] *See Crocker v. Warden*, 2009 WL 455529 (Conn. Super. Ct. 2009); *Crocker v. Comm'r of Corr.*, 126 Conn. App. 110 (2011).
[11] *See Crocker v. Comm'r of Corr.*, 2021 WL 5412685 (Conn. Super. Ct. 2021); *Crocker v. Comm'r of Corr.*, 220 Conn. App. 567 (2023).

arguing that Connecticut itself appointed him the counsel that failed to exhaust his claims.[12] According to him, his state-appointed lawyer either refused to pursue his claims or substituted them for others.[13]

This is not a proper basis on which to excuse Crocker's failure to exhaust. Instead, claims regarding an attorney's failure to include certain grounds for relief should themselves be raised in state courts. *See Baltas v. Comm'r of Corr.*, 2022 WL 17737778, at *4-5 (D. Conn. 2022) (declining to excuse a failure to exhaust based on a petitioner's claim that "his attorneys would not assert the claims" because "[j]udges in this District have held that a petitioner has available means to exhaust state court remedies on a claim that was not included on direct appeal or in a previous habeas corpus action because the petitioner may file a state habeas petition"); *Abrams v. Comm'r of Corr.*, 2019 WL 919581, at *10 (D. Conn. 2019) (holding that petitioner could exhaust his ineffective assistance of trial counsel claim through a state habeas petition alleging that habeas counsel was ineffective for failing to raise the trial counsel claims); *Swain v. Murphy*, 2010 WL 1279051, at *3 (D. Conn. 2010) ("Petitioner's bare assertion that claims were deleted by his lawyer does not provide a sufficient basis for dispensing with the exhaustion requirement . . . . Moreover, he has not shown that the state courts would refuse to consider his claims if they were presented in a new habeas proceeding.").

Given that "Connecticut does not limit the number of habeas corpus actions an inmate may file," Crocker "has an available avenue to exhaust his state court remedies on his unexhausted claims." *Baltas*, 2022 WL 17737778, at *5. Therefore, I will not excuse his failure to exhaust and must deny his petition for failure to exhaust all the claims he seeks to pursue.

---

[12] Doc. #17 at 2.
[13] *Ibid.*

## CONCLUSION

The Court GRANTS the State's motion to dismiss (Doc. #13) and DISMISSES without prejudice Crocker's petition for writ of habeas corpus (Doc. #1) on the grounds that he has not exhausted state court remedies. The Court DENIES as moot the motion to appoint counsel (Doc. #16). Because Crocker has not made a substantial showing that this ruling denies his constitutional rights, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

The Clerk of Court shall enter judgment and close this case.

It is so ordered.

Dated at New Haven this 24th day of April 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge